George E. Veitengruber, III, Esq.
Veitengruber Law LLC
1720 Route 34, Suite 10
Wall, NJ 07727
Telephone: 732-695-3303
Facsimile: 732-695-3917
bankruptcy@veitengruberlaw.com
Attorneys for Debtor(s)



**Order Filed on January 31, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

## UNITED STATES BANKRUTPCY COURT

## DISTRICT OF NEW JERSEY

| In re: | Chapter 13 Proceedings |
|---|---|
| Eric Peterson | Case No. 18-23910 |
| Debtor(s) | Judge: Michael B. Kaplan |
| | Hearing Date: January 12, 2022 |

**ORDER GRANTING RELIEF SOUGHT IN DEBTOR'S MOTION SEEKING ENTRY OF AN ORDER APPROVING THE SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, PURSUANT TO 11 U.S.C. §§ 105(a), 323(a) AND 363(b), (f) AND (m), AND 541; WAIVING THE FOURTEEN DAY STAY PROVIDED BY F.R.B.P. 6004; AND GRANTING RELATED RELIEF**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: January 31, 2022**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| Debtor: | Eric Peterson |
| Case No.: | 18-23910 MBK |
| Caption of Order: | Order Granting relief sought in Debtor's Motion Seeking Entry of an Order Approving the Sale of real property Free and Clear of All Liens, Claims, Interests, and Encumbrances, Pursuant to 11 U.S.C. §§ 105(a), 323(a) and 363(b), (f) and (m), and 541; Waiving The Fourteen Day Stay Provided By F.R.B.P. 6004; and Granting Related Relief |

**UPON** the Motion for Debtor Eric Peterson, by and through his counsel, George E. Veitengruber, III, Esq., and the verified application (the "Application") filed in support of the Motion, seeking entry of an order (i) authorizing the sale of real property 315 Main Street, Matawan NJ 07747 free and clear of all liens, claims, interests, and encumbrances, of the estate's interest in the Matawan Property, (ii) granting related relief pursuant to sections 105(a), 323(a), 363(b), (f) and (m), and 541(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (iii) granting related relief; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion, pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) the relief requested in the Motion is in the best interests of the Debtor's estate and its creditors, (iv) adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary, and (v) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein;

**IT IS HEREBY ORDERED** that:

1. The Debtor's Motion is granted in its entirety.

2. The agreement of sale (the "Agreement of Sale"), attached to the Application as **Exhibit A,** is approved in its entirety.

3. The Debtor is authorized to sell 315 Main Street, Matawan NJ 07747 to the Buyer or its assignee, for the aggregate sum of $425,000.00 for the entire Matawan Property, free and

| | |
|---|---|
| Debtor: | Eric Peterson |
| Case No.: | 18-23910 MBK |
| Caption of Order: | Order Granting relief sought in Debtor's Motion Seeking Entry of an Order Approving the Sale of real property Free and Clear of All Liens, Claims, Interests, and Encumbrances, Pursuant to 11 U.S.C. §§ 105(a), 323(a) and 363(b), (f) and (m), and 541; Waiving The Fourteen Day Stay Provided By F.R.B.P. 6004; and Granting Related Relief |

clear of all liens (see #4 below), claims, interests, and encumbrances, pursuant to section 363(b), (f) and (m) of the Bankruptcy Code (the "Sale"). Please see annexed hereto a copy of the Short Sale Approval as **Exhibit B**.)

4. The sale of the property is free and clear of all liens including, but not limited to:

    Veripro Solutions, Inc.

5. The Debtor is selling 315 Main Street, Matawan NJ 07747 "AS IS" and "WHERE IS" with no representations and/or warranties, including, but not limited to, any representation of any kind as to the condition or title.

6. The Sale as set forth above shall be defined as the "Transaction" herein.

7. The stay provisions under Bankruptcy Rule 6004 are waived and therefore not applicable to this Sale.

8. The Buyers are deemed to be good faith purchasers pursuant to 11 U.S.C. § 363(m).

9. The Transaction was negotiated, proposed, and entered into by the parties without collusion, in good faith, and arms-length bargaining position.

10. At the closing of the Sale, all non-exempt proceeds, if any, shall be paid to the Chapter 13 Trustee.

11. At the closing of the Sale, all valid liens, claims or encumbrances against 315 Main Street, Matawan NJ 07747 attach to the proceeds of the Sale.

12. The Debtor is directed to execute all documents necessary to effectuate the sale to the Buyers.

Case 18-23910-MBK    Doc 93    Filed 01/31/22    Entered 01/31/22 14:08:42    Desc Main
Document      Page 4 of 5

| | |
|---|---|
| Debtor: | Eric Peterson |
| Case No.: | 18-23910 MBK |
| Caption of Order: | Order Granting relief sought in Debtor's Motion Seeking Entry of an Order Approving the Sale of real property Free and Clear of All Liens, Claims, Interests, and Encumbrances, Pursuant to 11 U.S.C. §§ 105(a), 323(a) and 363(b), (f) and (m), and 541; Waiving The Fourteen Day Stay Provided By F.R.B.P. 6004; and Granting Related Relief |

13. The Seller will serve this Order on the Buyers, the United States Trustee's Office, and all parties who have filed a notice of appearance in this case, within seven (7) days of the entry of this Order.

14. To the extent there is any remaining personal property of the Debtor at the Matawan Property, the Debtor shall remove his personal assets and belongings on or before the closing date. The Debtor shall leave the property in "broom clean" condition on the closing date.

15. The closing of title shall take place within thirty (30) days of the entering of this Order. The Debtor will provide a copy of the HUD/Settlement Statement to the Trustee within 10 days.

16. The fourteen day stay period is hereby waived allowing immediate sale of the property.

17. The Court shall retain exclusive jurisdiction with respect to all issues relating to the enforcement of this Order.

18. It is expressly understood, agreed, stipulated and Ordered that the Mortgagee consents to a sale or refinance of the mortgaged property (the "Transaction") if and only if a sufficient portion of the proceeds of any Transaction shall be devoted to full satisfaction of all sums due upon the Mortgage held/serviced by the Mortgagee, their successors and/or assigns and that the Mortgage lien shall not be released unless and until sufficient funds are tendered and applied to the subject Mortgage account to fully satisfy all sums due upon the Mortgage, notwithstanding entry of Final Judgment in Foreclosure and/or any Proof(s) of Claim or other documents filed in any Bankruptcy case, together with any amounts, including without limitation advances, disbursements, interest, costs, fees, etc. which may have been disbursed,

| | |
|---|---|
| Debtor: | Eric Peterson |
| Case No.: | 18-23910 MBK |
| Caption of Order: | Order Granting relief sought in Debtor's Motion Seeking Entry of an Order Approving the Sale of real property Free and Clear of All Liens, Claims, Interests, and Encumbrances, Pursuant to 11 U.S.C. §§ 105(a), 323(a) and 363(b), (f) and (m), and 541; Waiving The Fourteen Day Stay Provided By F.R.B.P. 6004; and Granting Related Relief |

incurred or otherwise become due after a formal Payoff Statement is provided. All terms and conditions of the Mortgagee's Payoff Statement, to be supplied in the ordinary course, are to be deemed incorporated herein by reference and compliance with such terms and conditions is required as a condition precedent to release of the Mortgage lien. The Mortgagee's contractual Payoff Statement and applicable non-bankruptcy law shall be the exclusive determinant of the full amount due on the Mortgage lien. The Debtors reserve the right to question, contest and/or request verification of any line item(s) in the Mortgagee's Payoff Statement, but waives any challenge to the contractual calculation of the full amount due. In the alternative, the Mortgagee may, in their exclusive and unrestricted discretion, agree to accept less than the full amount due to release their lien, but is not obligated to do so.

19. The sale is subject to secured creditor's lien being paid in full at closing based upon an up-to-date payoff quote.

20. Failure to complete any sale within ninety (90) days of entry of this Order will result in the Order authorizing the sale to be deemed void.